IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE UNITED STATES OF AMERICA :

v. : Civil Action No. DKC 19-3181

CATHERINE LORETTA LAROSA, et al. :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action to enforce judgment lien is the motion to stay filed by Defendant Catherine Loretta LaRosa ("Mrs. LaRosa"). (ECF No. 10). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to stay will be granted.

**I. Background**

This dispute spans decades. In 1997, the court entered a judgment in favor of the United States of America ("Plaintiff") and against Mrs. LaRosa and her husband, Dominick LaRosa ("Mr. LaRosa"), for the recovery of an erroneously issued tax refund. *United States v. LaRosa*, 993 F.Supp. 907 (D.Md. 1997). On January 9, 1998, Plaintiff recorded an abstract of the judgment. (ECF No. 1, ¶ 14). Upon filing of the abstract, a judgment lien arose in favor of Plaintiff against all real property of Mr. and

Mrs. LaRosa, including their residence located at 10 Tobin Court, Potomac, MD (the "Property"). (*Id.*, ¶¶ 3-5, 15).

Mr. and Mrs. LaRosa owned the Property from 1983 to 2015. (ECF No. 1, ¶ 6). On September 11, 2015, Mr. and Mrs. LaRosa transferred their interests in the Property to the Catherine Loretta LaRosa Revocable Trust (the "Trust") for no consideration. (*Id.*, ¶ 7). On August 4, 2017, Plaintiff moved to reopen the original action and renew the judgment lien. (*Id.*, ¶ 17). The court granted Plaintiff's motion and ordered the judgment lien renewed. *United States v. LaRosa*, No. 96-0980-DKC, 2017 WL 4418418, at *2 (D.Md. Oct. 5, 2017).

On October 31, 2019,[1] Plaintiff initiated the present action and filed a complaint against Mr. LaRosa, Mrs. LaRosa, and the Trust (collectively, "Defendants") to foreclose its judgment lien against the Property. (ECF No. 1). On January 10, 2020, Mrs. LaRosa filed a Request for Innocent Spouse Relief with the Internal Revenue Service ("IRS").[2] (ECF No. 10-1, at 3). On January 21, 2020, Mrs. LaRosa filed the presently pending motion

---

[1] The parties represent that Plaintiff filed the complaint in November 2019. (ECF No. 10, at 1; ECF No. 10-2, at 1; ECF No. 14, at 3).

[2] Exhibit A to Mrs. LaRosa's motion to stay includes sensitive personal identifying information. Counsel are reminded that matters may be filed under seal pursuant to Local Rule 105.11. The accompanying order will direct the clerk to reset the link to ECF No. 10-1 so that non-court users may not access it and direct Mrs. LaRosa's counsel to re-file the document in accordance with this court's Privacy Requirements.

to stay. (ECF No. 10). Plaintiff responded (ECF No. 14), and Mrs. LaRosa replied (ECF No. 15).

**II. Analysis**

Mrs. LaRosa seeks a stay while she pursues her request for innocent spouse relief administratively through the IRS. She argues that 26 U.S.C. § 6015, the provision of the Internal Revenue Code ("IRC") outlining the innocent spouse doctrine, entitles her to a stay. (ECF No. 10-2, at 2-3). Alternatively, she asks the court to exercise its discretionary power to stay this proceeding.

The United States Court of Appeals for the Fourth Circuit outlined the innocent spouse doctrine in *Jones v. Commissioner*:

> As a general matter, taxpayers filing joint income tax returns are jointly and severally liable for any tax liability that arises from their filings and returns. *See* I.R.C. § 6013(d)(3). Aware that this liability can sometimes cause inequitable and harsh results to innocent spouses, Congress set out a means to permit an innocent spouse to obtain relief from this liability. Section 6015(b) of the Tax Code provides relief from tax liability for an individual, who was a joint filer but did not know or have reason to know that there was an understatement on the tax return. Section 6015(c) provides similar relief when the joint filers are legally separated or no longer married unless the IRS shows that the would-be innocent spouse had "actual knowledge of any item giving rise to the deficiency." I.R.C. § 6015(c)(3)(C). The relief available under both § 6015(b) and § 6015(c) must be sought within two years of the IRS's first collection activity. *See* I.R.C. §§ 6015(b)(1)(E), 6015 (c)(3)(B). If relief is not available under subsection (b) or subsection (c),

> a joint taxpayer may also seek equitable relief under § 6015(f), which authorizes the Secretary of the Treasury to grant the innocent spouse relief from any unpaid tax or any deficiency when holding otherwise would be "inequitable." Subsection (f) contains no limitations period within which to seek the equitable relief.

642 F.3d 459, 460-61 (4th Cir. 2011); *see also Nauflett v. Comm'r*, 892 F.3d 649, 651 (4th Cir. 2018). Mrs. LaRosa's request to the IRS seeks innocent spouse relief under § 6015(f).[3]

Mrs. LaRosa argues that § 6015(e) entitles her "to a stay of these proceedings while [her request for innocent spouse relief] is pending before the IRS, and, if litigated, until a decision of the Tax Court becomes final." (ECF No. 10-2, at 2). Section 6015(e)(1)(B) states:

> [N]o levy or proceeding in court shall be made, begun, or prosecuted against the individual . . . requesting equitable relief under subsection (f) for collection of any assessment to which such election or request relates until the close of the 90th day referred to in subparagraph (A)(ii), or, if a petition has been filed with the Tax Court under subparagraph (A), until the decision of the Tax Court has become final.

The "90th day referred to in subparagraph (A)(ii)" is the date 90 days after the Secretary mails a notice of final

[3] Section 6015(f) does not include a limitations period. The Fourth Circuit considered a regulation adopting "a two-year time period for requesting relief under § 6015(f)" and concluded the regulation was valid. *Jones*, 642 F.3d at 465. The United States Tax Court considered the same regulation, however, and concluded it was invalid. *Pullins v. Comm'r*, 136 T.C. 432, 441-42 (2011).

determination on the request for innocent spouse relief. 26 U.S.C. § 6015(e)(1)(A). "Thus, under § 6015(e)(1)(B), no proceeding in court shall be prosecuted against a person requesting [i]nnocent [s]pouse relief until 90 days after the [IRS] issues its notice of final determination on the requested relief." *Coggin v. United States*, 2019 WL 1352806, at *2 (M.D.N.C. Jan. 23, 2019).

Plaintiff opposes the motion to stay. Plaintiff contends that the IRS denied Mrs. LaRosa's request for innocent spouse relief and notified Mrs. LaRosa of the denial by letter dated January 24, 2020.[4] (ECF No. 14, at 1). Plaintiff argues that the IRS's denial of Mrs. LaRosa's request for innocent spouse relief renders the motion moot and the possibility "that Mrs. LaRosa *might* appeal the denial to the U.S. Tax Court [does not] warrant the imposition of a stay[.]" (*Id.*, at 3).

Mrs. LaRosa disputes Plaintiff's characterization of the IRS's action as a denial of her request, noting that "the IRS, at the specific direction of Plaintiff, refused to process the [r]equest." (ECF No. 15, at 1). Mrs. LaRosa elaborates that she "filed a Form 911, *Request for Taxpayer Advocate Service*

[4] As Mrs. LaRosa notes, § 6015(e)(1)(B) restricts court proceedings to collect any assessment to which the innocent spouse request relates until 90 days after the IRS's final determination of relief available. (ECF No. 15, at 3). Even if the IRS's refusal to process the request constituted a final determination, the restriction on court proceedings would continue until at least April 23, 2020. (*Id.*).

*Assistance*, asking the Taxpayer Advocate Service to direct the IRS to process the [r]equest and issue a final determination." (*Id.*). She plans to file a petition with the United States Tax Court "[i]f the Taxpayer Advocate Service is unable to persuade the IRS to process the [r]equest." (*Id.*, at 2). The parties have not provided a copy of the communication and thus the court cannot determine its import.

Mrs. LaRosa's motion to stay will be granted. She has filed a request for innocent spouse relief and there is reason to conclude that the IRS has not mailed her a final determination of relief available to her. The parties disagree about whether the IRS denied the request or refused to process it. Section 6015(e)(1)(A)(i)(II) is instructive in this scenario:

> In addition to any other remedy provided by law, the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section if such petition is filed at any time after the earlier of the (I) the date the Secretary mails . . . notice of the Secretary's final determination of relief available to the individual, or (II) the date which is 6 months after the date such . . . request is made with the Secretary[.]

Thus, if the IRS takes no action on Mrs. LaRosa's request for innocent spouse relief, she may petition the Tax Court to determine the appropriate relief available six months after the

date of her request. Mrs. LaRosa filed her request with the IRS on January 10, 2020. (ECF No. 10-1, at 3; ECF No. 10-2, at 2). The six-month period for the IRS to respond will expire on July 10, 2020. Thereafter, Mrs. LaRosa may petition the Tax Court to determine the appropriate relief available to her. This action will be stayed as to Mrs. LaRosa until August 10, 2020, unless lifted earlier (or extended) based on the pace of administrative proceedings.

The parties' remaining arguments address the merits of Mrs. LaRosa's request for innocent spouse relief and the likelihood of her success on appeal before the United States Tax Court. (ECF No. 14, at 3-5; ECF No. 15, at 4-6). The Tax Court has exclusive jurisdiction over the availability of innocent spouse relief and this court need not, and indeed cannot, resolve the merits. *United States v. Dew*, 2015 WL 5037850, at *1 n.1 (D.S.C. Aug. 26, 2015) ("[T]he innocent spouse defense cannot be considered by this [c]ourt because it lies within the exclusive jurisdiction of the [T]ax [C]ourt."); *United States v. Popowski*, 2012 WL 6055326, at *3 (D.S.C. Nov. 13, 2012) ("[T]he 'innocent spouse' defense may only be heard by the Tax Court. Specifically, under [§ 6015(e)], if the taxpayer's innocent spouse claim is denied by the Secretary (or the IRS takes no action on the claim after six months), the taxpayer can seek judicial review by filing a petition with the United States Tax

Court within 90 days of the denial. Thereafter, appeal of the Tax Court decision may be taken to the Court of Appeals.”). Section 6015(e) does not require a taxpayer to demonstrate her likelihood of success. Plaintiff’s argument that Mrs. LaRosa is unlikely to obtain innocent spouse relief and that therefore a stay is inappropriate misses the mark. Because § 6015(e) applies, the court need not consider whether to exercise its discretionary power to stay the proceedings.

Finally, Plaintiff requests that the stay only apply to Mrs. LaRosa, and that the action proceed against Mr. LaRosa and the Trust. Plaintiff emphasizes “Mr. LaRosa’s allegedly declining health[,]” (ECF No. 14, at 4), and posits that “adjudication against him may be an extended process since a guardian will need to be appointed for him and separate counsel retained[,]” (*id.*, at 5). Mrs. LaRosa’s motion to stay is on her behalf only and does not mention the applicability of the stay as to Mr. LaRosa or the Trust. Her reply does not address Plaintiff’s request. Moreover, there appear to be some service issues. Mrs. LaRosa waived service of the complaint, (ECF No. 10, ¶ 4), but the status of Mr. LaRosa and the Trust in this action is not clear. There is no return of service for either of these parties. Plaintiff is directed to provide the court with the status of service on Mr. LaRosa and the Trust. The action will continue against Mr. LaRosa and the Trust to

accomplish service of process and other proceedings necessary to bring those parties before the court.

## III. Conclusion

For the foregoing reasons, the motion to stay filed by Mrs. LaRosa will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge